IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSICA SUE MCQUEEN TORNBLAD, | ) Civil No.: 3:16-cv-1470-JE |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| | ) |
| | ) |
| STATE OF OREGON, MULTNOMAH, | ) |
| COUNTY DISTRICT COURT, CITY OF | ) |
| PORTLAND, PORTLAND POLICE, | ) |
| DEVONAH C. DICK, SHERISE HOBBS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Jessica Sue McQueen/Tornblad
16105 SE Grand St.
Portland, OR 97233

Plaintiff *pro se*

JELDERKS, Magistrate Judge:

Pro se Plaintiff Tornblad brings claims against multiple defendants for what she identifies as the Constitutional violations of "unreasonable search and seizure," "treatment of arrested persons," and "equality of all persons". Plaintiff has applied to proceed *in forma pauperis* and moves for the appointment of pro bono counsel.

FINDINGS AND RECOMMENDATION AND ORDER – 1

Plaintiff's application to proceed *in forma pauperis* is granted and her motion for appointment of pro bono counsel is denied. For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, on the basis that it fails to state a claim upon which relief can be granted. See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

## **Background**

Plaintiff has filled in by hand the court provided complaint form for a civil case. In the caption of her Complaint, Plaintiff lists the State of Oregon, Multnomah County District Court, City of Portland, Portland Police, Devanah Dick, and Sherise Hobbs as Defendants. In the section of the form available to provide information about the parties, Plaintiff has written "D.A. Office" as the job or title for Defendant Multnomah County Circuit Court. She also indicates that Devanah Dick and Sherise Hobbs are Portland Police officers. Plaintiff has provided addresses for Defendants Multnomah County Circuit Court and City of Portland but has provided no address information for Dick or Hobbs and has failed to provide information for or even include the State of Oregon or the Portland Police Bureau.

Plaintiff alleges that the court has federal question jurisdiction. She alleges the following are at issue: "Section 9 US Constitution unreasonable search &seizure/Section 13 treatment of arrested persons/Section 20 Equality of all persons." Complaint at 4.

Plaintiff's statement of her claim, in its entirety, reads:

> the facts are Portland Police officer Devanah C. Dick filled out legal documents and lied on them, which consequently cause [sic] plaintiff charges, record, jail, she latter [sic] admitted in court what she did. Scherise M. Hobbs violated my privacy rights by Prea [sic] when she stuck her hand down the front of my dress during arrest wher [sic] my rights were never read. Sexual assault

Compl. at 5.

Plaintiff seeks $4 million in damages.

FINDINGS AND RECOMMENDATION AND ORDER – 2

**Discussion**

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).  This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.  The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Regardless of how liberally Plaintiff's Complaint is construed, it fails to state a claim upon which relief can be granted. As an initial matter, despite listing the State of Oregon, the Multnomah County Circuit Court and the Portland Police Bureau as defendants, Plaintiff has failed to include any allegations against them in her Complaint.  Accordingly, Plaintiff's Complaint should be dismissed as to these defendants. Furthermore, the Eleventh Amendment bars suits in federal court against the state or its agencies for all types of relief, absent unequivocal consent by the state. Pennhurst v. Halderman, 465 U.S. 89, 100–101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

FINDINGS AND RECOMMENDATION AND ORDER – 3

As to the remaining Defendants, Plaintiff's Complaint fails to inform Defendants of enough particulars of the events alleged so that Defendants can understand the claims asserted against them. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555)(internal quotation omitted). Plaintiff's brief statement of her claims lacks sufficient specific factual content to permit the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged.

In addition, Plaintiff has inaccurately identified the provisions of the Constitution which she alleges are at issue here and has failed to connect Defendants' alleged wrongful conduct to the Constitutional protections she has invoked. Accordingly, the Complaint fails to state a claim upon which relief can be granted. However, under the circumstances, Plaintiff should be permitted to amend her Complaint.

If Plaintiff does file an amended complaint, she must allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the Iqbal and Twombly cases. If she is asserting claims for violations of her constitutional rights she should articulate which provisions Defendants' conduct has allegedly violated and understand that such claims must be brought under 42 U.S.C. §1983. See Bank of Lake Tahoe v. Bank of America, 318 F.3d 914, 917–918 (9th Cir.2003)(a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983). Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal statutes. 42 U.S.C. § 1983; Wilder v. Virginia Hosp. Ass'n., 496 U.S. 498 (1990). To state a § 1983 claim, a plaintiff must allege conduct that violated her constitutional rights was taken

FINDINGS AND RECOMMENDATION AND ORDER – 4

"under color of state law." Lopez v. Dept. of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam).

Accordingly, Plaintiff's claims against the State of Oregon should be denied with prejudice. Plaintiff's claims against Defendants Hobbs and Dick should be denied without prejudice. As Plaintiff's Complaint is completely lacking in factual allegations against the remaining defendants, the Court is unable to ascertain at this juncture whether amendment would be futile. Accordingly, claims against the remaining defendants should also be dismissed without prejudice.

As a final matter, Plaintiff also moves for appointment of pro bono counsel. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). While this court has discretion to request volunteer counsel for indigent plaintiffs in "exceptional circumstances," the court has no power to make a mandatory appointment. 28 U.S.C. § 1915(e)(1) (formerly §1915(d)); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301–08 (1989).

In determining whether "exceptional circumstances" exist, a court considers the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In the present case, I do not find the requisite exceptional circumstances to support the appointment of counsel under § 1915(e)(1). Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 1) is GRANTED. Plaintiff's motion for appointment of pro bono counsel (#3) is DENIED. This action should be DISMISSED without service of process for failure to state a claim upon which relief may be granted. A judgment should be entered dismissing the action with prejudice as to the State of Oregon and without prejudice as to the remaining defendants. Plaintiff should be given leave to file an amended complaint, curing the deficiencies noted above, within thirty days of the date of the Order.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 30, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 13th day of September, 2016.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge